IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| ANDREW MARQUEZ, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:25-cv-00121-SLG |
| ERICA NOLL, *et al.*, | |
| Defendants. | |

## SCREENING ORDER

On June 11, 2025, self-represented prisoner Andrew Marquez ("Plaintiff") filed a civil complaint, an application to waive prepayment of the filing fee, a declaration, and copies of his prison records.[1] Plaintiff brings failure-to-protect claims against several defendants based on Plaintiff being assaulted by another prisoner on June 8, 2024 while he was serving a sentence at the Spring Creek Correctional Center ("Spring Creek") in the custody of the Alaska Department of Corrections ("DOC").[2] For relief, Plaintiff seeks monetary damages and an injunction preventing DOC from transferring Plaintiff back to Spring Creek.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be

---

[1] Dockets 1-4.

[2] Docket 1.

[3] Docket 1 at 11.

granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although generally, the scope of review is limited

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[7] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 2 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 2 of 19

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

### I. Summary of Plaintiff's Claims

Plaintiff's Complaint alleges that on June 8, 2024, while he was housed at Spring Creek in the Echo Mental Health Housing Module ("Echo Mod"), another inmate ("Prisoner") assaulted Plaintiff in the sally port, punching him in the head and stabbing him several times with a broken pen.[12] Plaintiff brings failure-to-

---

citation omitted).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[10] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] Docket 1 at 5.

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 3 of 19
Case 3:25-cv-00121-SLG     Document 14     Filed 11/14/25     Page 3 of 19

protect claims against Mental Health Clinician Erica Noll, Mental Health Clinician Christopher Staples, Correctional Officer ("CO") Gage, Assistant Superintendent Stanley, Superintendent Milburn, and Probation Officer ("PO") Frank ("Defendants"). Plaintiff alleges that each Defendant knew Prisoner had a documented history of assaults using a pen or pencil, including stabbing a correctional officer with a pencil in 2012 and stabbing another inmate in the ear in 2019.[13] Plaintiff alleges that Defendants also knew that Prisoner had made previous threats to assault Plaintiff and that Prisoner was removed from Echo Mod in late 2023 after threatening to stab Plaintiff with a pen. Plaintiff alleges that despite this information, the Unit Management Team ("UMT"), which included Defendants Noll, Staples, Gage, Stanley, and Frank, approved Prisoner's return to Echo Mod, and Superintendent Milburn signed off on that decision just a few days before Prisoner assaulted Plaintiff.

Plaintiff alleges Prisoner was removed from Echo Mod after the assault, but that a few months later, Prisoner was transferred back to Echo Mod,[14] even though there was allegedly an order in place at that time to keep Plaintiff and Prisoner separated.[15] Plaintiff immediately went to talk to higher level security staff, and it appears that Prisoner was then removed from the unit.[16] It appears that in

---

[13] Docket 1 at 4-5.

[14] Docket 1 at 6.

[15] Docket 1 at 7.

[16] Docket 1 at 7.

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 4 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 4 of 19

December 2024, Plaintiff was transferred to Goose Creek Correctional ("Goose Creek"). On December 17, 2024, Plaintiff submitted a Request for Interview Form ("RFI") asking for a separation order from Prisoner.[17] In response to Plaintiff's RFI, DOC said it "was already done on 06/09/24."[18]

At the time this case was filed, Plaintiff was detained at the Anchorage Correctional Complex West ("ACCW").[19] On July 5, 2025, Plaintiff was transferred back to Goose Creek,[20] and on September 5, 2025, Plaintiff transferred back to ACCW.[21] As of the date of this order, Plaintiff remains at ACCW, and it appears that Prisoner has been transferred to the Cook Inlet Pretrial facility.[22]

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[23] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[24] To determine whether a complaint

---

[17] Docket 1 at 7, ¶ 31; Docket 1-7 at 1.

[18] Docket 1-7 at 1.

[19] Docket 9.

[20] Docket 7 (Notice of Change of Address).

[21] Dockets 8-9.

[22] Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday ("VINE") service at www.vinelink.com.

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 5 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 5 of 19

states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state a claim to relief that is plausible on its face."[25] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[27] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and a complaint must allege an affirmative link between that specific injury and the conduct of that defendant.[28]

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[29] To act under color of state law, a complaint must allege that the

---

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[26] *Ashcroft*, 556 U.S. at 678.

[27] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[28] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[29] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 6 of 19
Case 3:25-cv-00121-SLG    Document 14    Filed 11/14/25    Page 6 of 19

defendant acted with state authority as a state actor.[30] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[31] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[32]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[33] A supervisor can be held liable in his or her individual capacity under §1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[34]

### A. Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."[35] To state a failure-to-protect claim under the Eighth Amendment,

---

[30] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[31] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski,* 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[32] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[33] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[34] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[35] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by Sandin*
Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 7 of 19

a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements for each defendant:

    (1)    the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

    (2)    those conditions put the plaintiff at substantial risk of suffering serious harm;

    (3)    the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

    (4)    by not taking such measures, the defendant caused the plaintiff's injuries.[36]

"[B]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."[37] However, a failure-to-protect claim requires more than ordinary negligence or lack of due care on the part of prison officials; the official must have been aware of facts from which the official could infer a substantial risk of serious harm, and the official must have

---

*v. Conner*, 515 U.S. 472 (1995).

[36] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.28 (Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Failure to Protect) and the cases cited therein.

[37] *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 8 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 8 of 19

actually drawn that inference.[38] The relevant inquiry focuses on the risk that existed before the challenged conduct and whether that risk was substantial and imminent. Courts have required more than stale or isolated events to find the objective element satisfied; contemporaneous threats, repeated recent assaults, credible gang-retaliation plans, or other facts showing an ongoing and imminent risk are ordinarily necessary.[39]

Here, the Complaint does not contain sufficient facts to establish a pattern of recent or escalating violence by Prisoner directed at Plaintiff. The fact that the Unit Management Team ("UMT") elected to move Prisoner back to Echo Unit and "should have known" Plaintiff was at risk is insufficient to demonstrate that the UMT officers had actual knowledge of a substantial, imminent risk to Plaintiff in particular. Moreover, Prisoner was immediately removed from Echo Mod after the incident and is no longer housed with Plaintiff. Although Prisoner was temporarily transferred back to Echo Mod, it appears that once Plaintiff reported his concerns to correctional officers, Prisoner was, once again, removed from the unit.

Further, Plaintiff's contention that PO Frank "did not appear to know how to [enter a keep-separate order in the prison's system] or look on the computer to see

---

[38] *Id.* at 833.

[39] *See, e.g., Cortez v. Skol*, 776 F.3d 1046, 1050-53 (9th Cir. 2015) (holding that an officer leading three inmates through a prison was deliberately indifferent to the risk that the inmates would be violent with one another, citing evidence that the officer knew about (1) the hostility between the inmates, (2) the inmate victim's protective custody status, and (3) a prison policy requiring leg restraint when moving detention unit inmates).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 9 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 9 of 19

if [Plaintiff] had one"[40] is insufficient to support a plausible inference that PO Frank was subjectively aware of an ongoing risk that Prisoner presented to Plaintiff and consciously disregarded it.

As pleaded, the Complaint fails to set forth sufficient facts, if accepted as true, would show that a reasonable officer in each Defendant's position would have appreciated the high degree of risk Plaintiff was subjected to by Prisoner's placement in Echo Mod or that each Defendant had actual knowledge of a substantial, imminent risk to Plaintiff if he was housed with Prisoner and was deliberately indifferent to that risk.

For these reasons, the Complaint fails to state a plausible failure-to-protect claim. However, Plaintiff is accorded leave to amend his failure-to-protect claims in an amended complaint.

### IV. Plaintiff's Supplemental State Claims

Claims of negligent or intentional infliction of emotional distress do not arise under the U.S. Constitution, federal statutes, or treaties of the United States. These allegations describe tort claims grounded in state law that are typically addressed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim,[41] or if the Court has diversity jurisdiction over the case.[42] Because Plaintiff's Complaint fails to state any viable

---

[40] Docket 1 at 7.

[41] *See* 28 U.S.C. § 1367.

[42] 28 U.S.C. § 1332(a).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 10 of 19
Case 3:25-cv-00121-SLG    Document 14    Filed 11/14/25    Page 10 of 19

federal claim against Defendants, the Court will not exercise supplemental jurisdiction over his state law claims at this time.

## V. Plaintiff's Motion for Counsel

On June 23, 2025, Plaintiff filed a motion for court appointed counsel. The Court notes that Plaintiff's handwritten motion is difficult to read, especially page two.[43] Although handwritten filings are permitted, they must be legible, double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.[44] Plaintiff must ensure that all future filings are legible.

As to the substance of Plaintiff's motion, there is no constitutional right to appointed counsel in a civil action.[45] A federal court "may request an attorney to represent any person unable to afford counsel."[46] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[47] When determining whether "exceptional circumstances" exist, a court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate

---

[43] Docket 6.

[44] *See* Local Civil Rule 7.5.

[45] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[46] 28 U.S.C. § 1915(e)(1).

[47] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 11 of 19
Case 3:25-cv-00121-SLG    Document 14    Filed 11/14/25    Page 11 of 19

his claims in light of the complexity of the legal issues involved.[48]

The Court finds that, on the current record, Plaintiff has not demonstrated a likelihood of success on the merits. Additionally, it appears that Plaintiff is able to adequately articulate his claims, even if those claims may not be viable causes of action under Section 1983. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 6 is DENIED without prejudice. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time.

## VI. Plaintiff's Motion for a Preliminary Injunction

On October 1, 2025, Plaintiff filed a motion for a preliminary injunction and a temporary restraining order requesting that the Court enjoin DOC from transferring Plaintiff back to Spring Creek. Plaintiff claims Spring Creek is unsafe, and he also claims an unknown inmate threatened him in December 2024 when Plaintiff was still at Spring Creek.[49]

The standard for obtaining a temporary restraining order is "substantially identical" to that for a preliminary injunction.[50] In *Winter v. Natural Resources*

---

[48] *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

[49] Docket 10 at 2; Docket 12 at 1.

[50] *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Since the standard for obtaining a temporary restraining order is "substantially identical" to that for a

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 12 of 19
Case 3:25-cv-00121-SLG    Document 14    Filed 11/14/25    Page 12 of 19

*Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[51] The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[52]

Here, the Complaint is being dismissed for failure to state a claim, so Plaintiff has not established a likelihood of successes on the merits. Further, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff has been transferred out of Spring Creek.[53] On the current record, there is no reason to believe Plaintiff will be transferred back to Spring Creek. If Plaintiff is transferred to the same facility as Prisoner, there is already keep-separate order in place to prevent his placement in the same housing unit as Prisoner. Further, there is no right to be housed in a particular prison facility.[54]

For these reasons, Plaintiff's motion for a preliminary injunctive relief at

---

preliminary injunction, the Court considers them together in this order.

[51] 555 U.S. 7, 20 (2008).

[52] *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[53] Dockets 1, 7, and 9.

[54] *Olim v. Wakinekona,* 461 U.S. 238, 244–48 (1983).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 13 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 13 of 19

Docket 9 is DENIED

## VII. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[55] A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[56] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[57] Rule 10(b) of the Federal Rules of Civil Procedure requires that

---

[55] See Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[56] Fed. Rule Civ. Proc. 8(a)(2).

[57] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 14 of 19

"[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. If this case is dismissed for failure to state a claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[58]

### VIII. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[59] The "three strikes" provision was "designed to filter out the bad claims and facilitate

---

[58] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

[59] 28 U.S.C.A. § 1915(g).

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 15 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 15 of 19

consideration of the good."[60] Once a prisoner plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he files the complaint, "the prisoner is under imminent danger of serious physical injury."[61] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[62] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[63] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

---

[60] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[61] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[62] *Andrews,* 493 F.3d at 1056 (cleaned up).

[63] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 16 of 19
Case 3:25-cv-00121-SLG    Document 14    Filed 11/14/25    Page 16 of 19

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. A Notice of Voluntary Dismissal does not count as a strike.[64]

5. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 2 is GRANTED.**

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[65] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee directly from Plaintiff's prisoner trust account.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[66] Failure to comply may result in dismissal of this action.

---

[64] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025)

[65] 28 U.S.C. § 1915(b)(1)&(2).

[66] The Court's template forms are available upon request from the Clerk's office and on the

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 17 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 17 of 19

8. Plaintiff's motion at **Docket 6 is DENIED without prejudice.**

9. Plaintiff's motion at **Docket 9 is DENIED.**

10. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[67] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

11. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

12. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[68] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

Court's website at https://www.akd.uscourts.gov/forms.

[67] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[68] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 18 of 19
Case 3:25-cv-00121-SLG    Document 14    Filed 11/14/25    Page 18 of 19

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

13. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 14th day of November, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Screening Order
Page 19 of 19
Case 3:25-cv-00121-SLG   Document 14   Filed 11/14/25   Page 19 of 19