# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ANDREW MARQUEZ,

      Plaintiff,

     v.

ERICA NOLL, *et al.,*

      Defendants.

Case No. 3:25-cv-00121-SLG

## SECOND SCREENING ORDER

On December 2, 2025, self-represented prisoner Andrew Marquez ("Plaintiff") filed a First Amended Complaint ("FAC").[1] Then, on January 5, 2026, Plaintiff filed a Second Amended Complaint ("SAC").[2] Plaintiff also filed a declaration and records from the Department of Corrections ("DOC") regarding the alleged assault giving rise to Plaintiff's claims.[3] Because an amended complaint replaces the prior complaint in its entirety,[4] the Court has considered only the information provided in the amended complaint at Docket 17-1.

The Court has now screened Plaintiff's SAC in accordance with 28 U.S.C.

---

[1] Docket 15.

[2] Docket 17-1.

[3] Docket 17-2.

[4] *See* L. Civ. R. 15.1(a) (providing that an "amended pleading must not incorporate by reference any prior pleading, including exhibits"); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ") (citations omitted).

§§ 1915(e) and 1915A. Accepting the facts as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—the SAC contains sufficient facts to state a claim **but solely against Mental Health Clinician Erica Noll.**

Plaintiff was not granted leave to add new defendants not named in the original complaint. The SAC names Mental Health Clinician Erica Noll, Correctional Officer ("CO") Crosby, and CO Ware, and CO Warner.[5] Plaintiff named Ms. Noll in his initial filings, but he first named these three correctional officers in the SAC. Plaintiff does not explain why these additional correctional officers were not previously identified, nor does he allege any facts suggesting that their identities were previously unknown or that he only recently became aware of their alleged conduct. Therefore, Plaintiff's claims against CO Crosby, CO Ware, and CO Warner are DISMISSED without leave to amend in this action.

This case may now proceed to the next stage of litigation, but only as to Plaintiff's failure-to-protect claim against Ms. Noll.[6] The Court has jurisdiction under 28 U.S.C. § 1331.

The Court's finding that Plaintiff may proceed without prepaying the Court's fees and costs in this action entitles him to service of process by the U.S. Marshal Service, pursuant to 28 U.S.C. § 1915(d). However, in accordance with

---

[5] Docket 17-1 at 1-2.

[6] *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Miscellaneous General Order No. 769, the Court has notified the Attorney General's Office of the State of Alaska that the case has passed initial screening as to Ms. Noll only.[7] The Attorney General's Office shall attempt to contact Defendant and notify the Court if the State of Alaska's Department of Law will accept service on behalf of Defendant Noll, or if formal service of process on Defendant Noll by the U.S. Marshal Service is necessary.[8]

The Court will then issue an Order Directing Service and Response ("ODSR") explaining the next steps as applicable at that time. Pursuant to the Federal Rules of Civil Procedure, a defendant is not required to respond to a complaint unless and until that defendant has been properly served. The Court cautions that filing unnecessary motions or other documents or attempts to serve other parties without guidance from the Court may result in the summary denial of motions, orders prohibiting such filings, or delay the issuance of the ODSR.

**IT IS THEREFORE ORDERED:**

1. Liberally construed, Plaintiff's SAC at Docket 17 states a plausible claim **against Erica Noll only**.

---

[7] *In the Matter of Procedures for Service of Process in Prisoners' Civil Rights Actions,* Misc. Gen. Order No. 769 (D. Alaska Dec. 14, 1994), https://www.akd.uscourts.gov/sites/akd/files/MGO%20769.pdf.

[8] 28 U.S.C. § 1915(d). *See also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.").

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Second Screening Order
Page 3 of 5
Case 3:25-cv-00121-SLG    Document 19    Filed 04/15/26    Page 3 of 5

2.      Plaintiff's claims against the remaining defendants are DISMISSED. The case caption is amended as set forth in this order to identify only Ms. Noll as a defendant.

3.      Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

4.      While federal law allows litigants to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the outcome of the action.[9] **The Court will issue a separate order on the collection of the $350 filing fee from Plaintiff's prisoner trust account.**

5.      If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[10]  Failure to comply may result in dismissal of this action.

---

[9] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

[10]  The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:25-cv-00121-SLG, *Marquez v. Noll, et al.*
Second Screening Order
Page 4 of 5

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[11]

7. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case. Self-represented litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

DATED this 15th day of April, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[11] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.